IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT & DOROTHY BRADLEY, et al., <br><br> Defendants. | Civil No. 18-8924 (RMB/JS) <br><br> **MEMORANDUM OPINION & ORDER** |

This matter comes before the Court upon Plaintiff the United States of America's Motion for Summary Judgment against Defendants Robert and Dorothy Bradley ("the Bradleys") [Dkt No. 31]. The Bradleys have answered the Complaint, but have not filed opposition to the instant motion.

The United States seeks to foreclose upon a recorded mortgage granted to the Bradleys from Joseph Demaio. In support of its Motion for Summary Judgment, the United State advances two theories: first, that the mortgage at issue lacked consideration and therefore is void under New Jersey law; and second, that if the mortgage was supported by consideration, it is nonetheless voidable as a fraudulent transfer under New Jersey law.

A motion for summary judgment may not be granted based solely on failure to oppose the motion. Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168 (3d Cir. 1990). Summary

1

judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the United States' unopposed Statement of Uncontested Material Facts is deemed undisputed pursuant to L. Civ. R. 56.1(a), the Court must still draw all reasonable inferences from those facts in favor of the Bradleys, as the non-moving parties. See Celotex Corp. v. Catrett, 477 U.S. 317, 331 n.2 (1986) ("Summary judgment should not be granted unless it is clear that a trial is unnecessary. . . . If there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment.") (internal citation and quotation omitted). The United States, however, in its moving brief, invites the Court to do the opposite-- i.e., draw inferences from the undisputed facts in favor of the United States. This the Court must not do at summary judgment.

As to the first theory, the United States argues that the mortgage Demaio granted to the Bradleys lacked consideration, yet the undisputed facts-- as set forth by the United States-- demonstrate that the Bradleys "loaned" Demaio as much as "$700,000.00 over the years." (Statement of Undisputed Material Facts, ¶ 4) The United States argues that because Robert Bradley testified that he knew he might never be repaid (Id. ¶ 8-9), a reasonable factfinder should conclude that the "loan" was not

actually a loan but rather a gift, and therefore not given in exchange for the mortgage at issue. (Moving Brief, p. 2) However, the undisputed facts could support a different inference: that as much as $700,000.00 was given in exchange for the mortgage at issue.[1] As this inference is reasonable and favorable to the Bradleys, the Court must draw the inference at summary judgment, and deny the United States' motion as to its first theory of foreclosure.

As to the second theory of foreclosure, the United States asserts that the mortgage should be found to be a fraudulent conveyance under New Jersey's Uniform Fraudulent Transfer Act. However, the fraudulent transfer analysis is a fact-intensive one in which the factfinder may be required to consider eleven or more "badges of fraud", see N.J.S.A. § 25:2-26[2], in order to discern

---

[1] Indeed, the United States acknowledges that "Bradley and Demaio may have originally intended the money Bradley gave Demaio to be a loan." (Moving Brief, p. 3) Moreover, mortgages, by definition, are given to mitigate the risk that a loan will not be repaid. Therefore, a factfinder might reasonably conclude that Robert Bradley's doubts about repayment were entirely consistent with an intent to accept the mortgage at issue in exchange for the money Bradley gave Demaio.

[2] "In determining actual intent under subsection a. of R.S. 25:2-25 consideration may be given, among other factors, to whether: a. The transfer or obligation was to an insider; b. The debtor retained possession or control of the property transferred after the transfer; c. The transfer or obligation was disclosed or concealed; d. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; e. The transfer was of substantially all the debtor's assets; f. The debtor absconded; g. The debtor removed or concealed assets; h. The value of the consideration received by the debtor was

whether the transferor had "an intent to defraud, delay, or hinder the creditor." Gilchinsky v. Nat'l Westminster Bank, 159 N.J. 463, 476 (1999). The question of a person's intent is frequently ill-suited for disposition at summary judgment, and particularly ill-suited for disposition at summary judgment in this case. The United States only identifies four asserted badges of fraud, and its evidence of those four factors is rather anemic.

First, the United States argues that a reasonable factfinder could find that Robert Bradley was an "insider"-- factor a.-- because the undisputed facts demonstrate that Bradley and Demaio are "best friends." (Statement of Uncontested Material Facts ¶ 2) However, the United States also candidly acknowledges that Bradley and Demaio are "not technically [] relative[s]" (Moving Brief, p. 8), and therefore Bradley is not encompassed by the statute's definition of an "insider." See N.J.S.A. § 25:2-22 ("'Insider'" includes: a. If the debtor is an individual, (1) A relative of the debtor or of a general partner of the debtor; (2) A partnership in which the debtor is a general partner; (3) A general partner in a partnership described in paragraph (2) of subsection a. of this

---

reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; i. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; j. The transfer occurred shortly before or shortly after a substantial debt was incurred; and k. The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor." N.J.S.A. § 25:2-26.

4

definition; or (4) A corporation of which the debtor is a director, officer, or person in control.").

Second, as to factor h.-- consideration-- the Court has set forth above why summary judgment must be denied on this issue. Indeed, the United States almost concedes this issue, stating that "it is impossible to know if the 'consideration' exchanged was reasonably equivalent to the value of the mortgage, which was $400,000.00." (Moving Brief, p. 8)

Third, as to factor i.-- near the time of transfer, whether the debtor (in this case Demaio) was insolvent-- the United States has proffered very little evidence of Demaio's alleged insolvency. Demaio's deposition testimony[3] merely states that, at the time Demaio granted the Bradleys the mortgage, he had "some" "judgments" against him, but the amount of the judgments are not in the summary judgment record before this Court. Moreover, the United States also acknowledges that Demaio "reported owning two pieces of real estate," (Statement of Uncontested Material Facts ¶ 20), thereby raising an issue of material fact as to Demaio's insolvency.

Thus, the only factor firmly established by the present record is factor d.-- before Demaio granted the Bradleys the mortgage in July 2010, a consent judgment in the amount of

---

[3] The deposition was not taken in connection with this case, but rather, was taken in connection with a case captioned "John W. Fiore v. United States, Case No. 94-660-RRM (D. Del.)" (Hoffman Decl. Ex. A)

$117,505.54 had been entered against Demaio in the District of Delaware. (Statement of Uncontested Material Facts ¶¶ 14, 24)

Therefore, the Court holds that the United States has not carried its summary judgment burden of establishing that it is entitled to judgment as a matter of law on the fraudulent transfer theory of foreclosure. See Anchorage Assocs., 922 F.2d at 175 ("Where the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law."). Accordingly,

**IT IS** on this 16th day of **January 2020**, hereby **ORDERED** that:

(1) The United States' Motion for Summary Judgment [Docket #31] is **DENIED;** and

(2) The bench trial of this case shall commence on March 31, 2020. The parties shall promptly contact Magistrate Judge Schneider's chambers to schedule the final pretrial conference. The parties may also explore settlement possibilities with Judge Schneider.

                                         __ s/ Renée Marie Bumb____
                                         RENÉE MARIE BUMB
                                         UNITED STATES DISTRICT JUDGE